UNITED STATES of America, Appellee,

v.

Russell TELLIER; Teddy J. Moustakis; Alphonse Rescigno; Ronald Rescigno; Richard Lawlor; Timothy Burns; Michael Ladagana; Robert Bugliaro; Michael Bugliaro; James Hartofilis; and Pasquale Curatolo, also known as "Patsy," Defendants,

Roy Tellier, Robin Scott Tellier, and Rene Tellier, Defendants–Appellants.

UNITED STATES of America, Appellant,

v.

Robin Scott TELLIER; Rene Tellier; Roy Tellier; Alphonse Rescigno; Ronald Rescigno; Richard Lawlor; Timothy Burns; Michael Ladagana; Robert Bugliaro; James Hartofilis; and Pasquale Curatolo, also known as "Patsy," Defendants,

Teddy J. Moustakis, Defendant–Appellee.

No. 18, Docket 94–1451.

United States Court of Appeals, Second Circuit.

Argued Dec. 11, 1995.

Decided May 10, 1996.

Barry M. Fallick, Rochman Platzer Fallick & Sternheim, New York City, for Defendant–Appellant Robin Scott Tellier.

Gregory Cooper, New York City, for Defendant–Appellant Rene Tellier.

Roy Tellier, Minersville, Pennsylvania, pro se.

Guy Petrillo, Assistant United States Attorney, Southern District of New York, New York City (Mary Jo White, United States Attorney, of counsel), for Appellee.

Before: OAKES, WINTER and WALKER, Circuit Judges.

WINTER, Circuit Judge:

This is a multi-defendant case involving numerous federal crimes, including racketeering, firearms, transportation of stolen property, and other violations. The trial involved vast evidence of criminal activity over a ten-year period by the so-called "Tellier Organization." That activity included "snatch and grab" robberies, murders, and drug distribution. We decide all but one issue raised by these appeals [1] by summary order filed this day. *See* 2d Cir.R. § 0.23. We issue this published opinion with respect to a claim raised by appellant Roy Tellier in his *pro se* brief that requires reversal of his convictions for participation in a racketeering enterprise and for racketeering conspiracy under the Racketeering Influenced and Corrupt Organizations statute ("RICO"), 18

---

1. The United States filed a stipulation dismissing its appeal against Teddy Moustakis.

U.S.C. §§ 1962(c) and (d), and for a violation of the Hobbs Act, 18 U.S.C. § 1951.

The RICO counts against Roy Tellier alleged only two predicate acts, one of which was a conspiracy to distribute stolen marijuana. Roy Tellier contends that the district court improperly admitted the testimony of Orlando Rodriguez concerning a hearsay statement by Roy's brother Robin Tellier indicating that Roy had sold the stolen marijuana. Although the hearsay was the only evidence that implicated Roy in the conspiracy to distribute marijuana, it was admitted as the declaration of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E). Roy Tellier contends that the statement was inadmissible and, as a result, the evidence of a pattern of racketeering on both the substantive RICO count and the RICO conspiracy count was legally insufficient. We agree that the statement was inadmissible and that, consequently, there was insufficient evidence of two predicate acts as required under RICO. *See* 18 U.S.C. § 1961(1) & (5); *see generally United States v. Indelicato,* 865 F.2d 1370 (2d Cir.) (in banc), *cert. denied,* 493 U.S. 811, 110 S.Ct. 56, 107 L.Ed.2d 24 (1989).

We briefly summarize the factual background of the pertinent predicate act, the conspiracy to distribute marijuana. During the spring of 1991, Robin Tellier, Orlando Rodriguez, and another individual burglarized a marijuana dealer's apartment in Queens, New York. The proceeds of the robbery included approximately eight pounds of marijuana, which the burglars decided to sell. At trial, the government sought to prove that Roy Tellier conspired with the burglars to sell the stolen marijuana on Long Island. Roy Tellier maintains, and the government does not dispute, that the only evidence linking him to the marijuana conspiracy was Rodriguez's recitation of what Robin Tellier had told him about Roy selling the marijuana. Rodriguez's testimony was admitted under Federal Rule of Evidence 801(d)(2)(E), which excludes from the defini-

tion of hearsay statements made by a co-conspirator during the course, and in furtherance, of a conspiracy.

 Extra-judicial statements by co-conspirators may be admitted if the government establishes by a preponderance of the evidence that there was a conspiracy, that both the declarant and the party against whom the statements are offered were members of the conspiracy, and that the statements were made during and in furtherance of the conspiracy. *Bourjaily v. United States,* 483 U.S. 171, 175–76, 107 S.Ct. 2775, 2778–79, 97 L.Ed.2d 144 (1987) (quoting Fed. R.Evid. 801(d)(2)(E)); *United States v. Orena,* 32 F.3d 704, 711 (2d Cir.1994). In making these preliminary factual determinations under Federal Rule of Evidence 104(a), the court may consider the hearsay statements themselves. *Bourjaily,* 483 U.S. at 177–78, 107 S.Ct. at 2779–80. However, these hearsay statements are presumptively unreliable, *id.* at 179, 107 S.Ct. at 2780–81, and, for such statements to be admissible, there must be some independent corroborating evidence of the defendant's participation in the conspiracy. *See United States v. Daly,* 842 F.2d 1380, 1386 (2d Cir.), *cert. denied,* 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988); *United States v. Clark,* 18 F.3d 1337, 1341–42 (6th Cir.) ("Since *Bourjaily,* all circuits addressing the issue have explicitly held absent *some* independent, corroborating evidence of defendant's knowledge of and participation in the conspiracy, the out-of-court statements remain inadmissible.") (citing cases), *cert. denied,* —— U.S. ——, 115 S.Ct. 152, 130 L.Ed.2d 91 (1994); *United States v. Bentvena,* 319 F.2d 916, 948–49 (2d Cir.), *cert. denied,* 375 U.S. 940, 84 S.Ct. 345, 346, 353, 354, 355, 360, 11 L.Ed.2d 271, 272 (1963).

 As noted, Robin Tellier's hearsay statement was the only evidence of Roy Tellier's participation in the marijuana conspiracy. Because there was no independent corroborative evidence of Roy's participation in that conspiracy,[2] the proffered hearsay statement was inadmissible. The government

---

**2.** The facts that Robin Tellier was the declarant and Rodriguez the hearer are not hearsay evidence and might be taken into account in determining the reliability of the hearsay statement.

*See* Fed.R.Evid. 801(d)(2) advisory committee's note to 1996 Proposed Amendments.

Robin was a leader of the Tellier Organization and presumably in a position to know the circumstances of the sale of the marijuana. Rodri-

seeks to avoid this conclusion by suggesting that Robin Tellier's hearsay statement was made not only in furtherance of the marijuana conspiracy but also in furtherance of the RICO conspiracy of which both Robin and Roy Tellier were convicted. With respect to the RICO conspiracy, the government argues, there is sufficient independent corroborating proof of Roy Tellier's participation in it to permit the admission into evidence of Robin Tellier's statements to Rodriguez.

The evidence underlying the RICO conspiracy convictions amply demonstrates the existence of the "Tellier Organization," a RICO enterprise. *See* 18 U.S.C. § 1961(4). There is no dispute that Robin Tellier's statement about the sale of the stolen marijuana was in furtherance of a conspiracy to participate in that enterprise. However, under RICO § 1962(d), proof of Roy Tellier's membership in the RICO conspiracy requires evidence that Roy participated in the enterprise through a pattern of racketeering activity, or agreed to do so. Proof of the pattern in turn must include two predicate acts. "[T]o convict on a RICO conspiracy [the government] must prove that the defendant himself at least agreed to commit two or more predicate crimes," *United States v. Ruggiero*, 726 F.2d 913, 921 (2d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 118, 83 L.Ed.2d 60 (1984). *See also Pryba v. United States*, 498 U.S. 924, 924–25, 111 S.Ct. 305, 305–06, 112 L.Ed.2d 258 (1990) (White, J., dissenting from denial of certiorari) (discussing split of authority on this issue). One of the two predicate acts alleged against Roy Tellier was the marijuana conspiracy. Because the only evidence of Roy's participation in the marijuana conspiracy is the challenged hearsay evidence, we believe that the government did not prove Roy's membership in the RICO conspiracy because the evidence of a pattern of racketeering activity was legally insufficient.

To hold otherwise would involve a perverse inversion of *Ruggiero.* A defendant

against whom there is no admissible evidence of an element of a Section 1962(d) conspiracy charge—a pattern involving two predicate acts—could nevertheless be deemed a conspirator. Presumptively unreliable statements would be treated as admissible evidence proving the very element of the Section 1962(d) conspiracy that was lacking in the first place. The government's theory would, in essence, use a hearsay statement to provide the sole foundation for its own admission.

Robin Tellier's hearsay statement was not, therefore, admissible, and Roy Tellier's conviction for RICO and RICO conspiracy was not supported by legally sufficient evidence. However, because his counsel failed to object to the hearsay statement at trial, we may review only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Delano*, 55 F.3d 720, 726 (2d Cir.1995). We apply the plain error doctrine sparingly and use it only to prevent a miscarriage of justice. *United States v. Tillem*, 906 F.2d 814, 825 (2d Cir.1990). This case calls for its application. The inadmissibility of the Robin Tellier hearsay was not a particularly close question in light of our decisions in *Daly* and *Ruggiero*, although the defect was easily overlooked in a trial of this length involving so many crimes. Nevertheless, the defect was fatal to the government's RICO case against Roy. Under these circumstances, his convictions for violation of 18 U.S.C. §§ 1962(c) and (d) must be reversed. *See Wiborg v. United States*, 163 U.S. 632, 658, 16 S.Ct. 1127, 1137, 41 L.Ed. 289 (1896) ("[A]lthough [a] question was not properly raised, ... if a plain error was committed in a manner so absolutely vital to defendants, we feel ourselves at liberty to correct it.").

We believe that the reversal of Roy Tellier's RICO convictions also dictates reversal of his Hobbs Act conviction given the enormous amount of prejudicial spillover evi-

---

guez was due money from the sale of the marijuana. However, the corroborative weight of these facts is entirely undermined by the context of the conversation, which involved a dispute over how much marijuana was involved and how much Rodriguez was owed. Clearly, the identification by Robin of Roy as the seller would have been a fertile ground for cross-examination of

Robin's veracity in this regard. For example, falsely identifying his brother, an absent party, as the seller might have allowed Robin to avoid discussion of the terms of the sale and have deterred Rodriguez from protesting more strongly by accusing the seller of cheating. The presumption of unreliability is thus not overcome.

dence admitted to prove the RICO "enterprise" and its extensive criminal activities. Roy Tellier's Hobbs Act conviction involved a single robbery, to which all but a tiny sliver of the evidence admitted on the RICO charges is irrelevant. A RICO charge allows the government to introduce evidence of criminal activities in which a defendant did not participate to prove the enterprise element. *See United States v. DiNome*, 954 F.2d 839, 843 (2d Cir.), *cert. denied*, 506 U.S. 830, 113 S.Ct. 94, 95, 121 L.Ed.2d 56 (1992). If the RICO counts fail, prejudice on other counts is highly likely. In such circumstances, defendants who no longer face RICO charges should be severed so that the jury is not exposed to evidence that is irrelevant to the remaining charges. *Id.* at 845.[3] No extended discussion of the evidence is needed to determine that the prejudice here was indisputable. It suffices to note that the government's brief contains a description of the defendants' crimes that is forty-three pages long and recites fifteen major robberies, four murders, one attempted murder, two sales of stolen drugs, and one bribery of a witness.

Roy Tellier's RICO and Hobbs Act convictions must therefore be reversed. He may of course be retried on the Hobbs Act count.

Reversed.

---

**3.** Roy Tellier moved for severance before trial and raises the denial of that motion as a ground for reversal on appeal.