UNITED STATES of America, Appellee–Cross–Appellant,

v.

Leonard WISNIEWSKI, Jr., Defendant–Appellant–Cross–Appellee,

Stuart Solomon; Ern–Len Corporation, Defendants–Appellants.

Nos. 1501, 1703, 1438, 1502, Dockets 96–1348, 96–1403, 96–1520, 96–1644.

United States Court of Appeals, Second Circuit.

Argued May 28, 1997.

Decided July 30, 1997.

Steven A. Feldman, Feldman & Feldman, Hauppauge, NY, for Defendant–Appellant Stuart Solomon.

W. Paul Flynn, Flynn & Flynn, New Haven, CT (William Lupo, Brooklyn Heights, NY, of counsel), for Defendant–Appellant–Cross–Appellee Leonard Wisniewski, Jr. and Defendant–Appellant Ern–Len Corporation.

John A. Danaher III, Executive Assistant United States Attorney, Hartford, CT (Christopher F. Droney, United States Attorney, New Haven, CT, of counsel), for Appellee–Cross–Appellant United States of America.

Before: VAN GRAAFEILAND, MINER and CABRANES, Circuit Judges.

PER CURIAM.

Defendants appeal from judgments of conviction in the United States District Court for the District of Connecticut (Alfred V. Covello, Judge) following a jury verdict of guilty against each of them on multiple counts stemming from a money laundering scheme. We address each of defendants' claims in a summary order entered simultaneously herewith and address here only the Government's cross-appeal.

The Government claims that in sentencing defendant Wisniewski, the district court erred in (i) declining to apply a three-point enhancement under Section 2S1.1(b)(1)[1] of

---

1. U.S.S.G. § 2S1.1, which relates to laundering of monetary instruments, provides in relevant part:

  (b) Specific Offense Characteristics

(1) If the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacture, importation, or distribution of narcotics or other controlled substances, increase by 3 levels.

the United States Sentencing Guidelines ("U.S.S.G."), which provides for an enhancement when the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacturing, importation, or distribution of narcotics; and (ii) declining to apply a three- or four-point enhancement under U.S.S.G. § 3B1.1,[2] which provides for an enhancement if the defendant was an organizer, leader, manager, or supervisor of a criminal activity that involved five or more participants or was otherwise extensive.

We hold that the district court erred in refusing to apply the three-point enhancement under § 2S1.1(b)(1), and in refusing to apply the enhancement under U.S.S.G. § 3B1.1. Accordingly, Wisniewski's sentence is vacated and his case is remanded to the district court for resentencing.

## I.

Wisniewski was convicted, following a jury trial, of one count of conspiracy in violation of 18 U.S.C. § 371, twenty-three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1), one count of money laundering in violation of 18 U.S.C. § 1956(a)(3), and six counts of failure to report cash exceeding $10,000 received in a trade or business in violation of 26 U.S.C. § 6050I.[3] He was principally sentenced to 51 months in prison and a subsequent three-year term of supervised release.

Wisniewski's conviction arose out of a series of car sales at Tri Auto Sales, a car dealership owned by Wisniewski in Milford, Connecticut. The dealership hired a succession of car salesmen whose clientele consisted, at least in part, of drug dealers. Over the course of several years, the dealership sold cars to a number of drug dealers, who frequently purchased cars with cash, often using names other than their own. Tri Auto

routinely substituted checks for the cash payments, apparently in order to avoid cash-reporting requirements.

When Wisniewski was sentenced on May 20, 1996, he did not object to a recommendation in the Presentence Investigation Report ("PSR") that his sentence be enhanced by three points, pursuant to U.S.S.G. § 2S1.1(b)(1), for knowing that the laundered funds came from narcotics trafficking; he also did not object to the PSR recommendation that his sentence be enhanced four points, pursuant to U.S.S.G. § 3B1.1, for being a leader or organizer of criminal activity involving five or more persons. Instead, the district court raised concerns about these recommended enhancements *sua sponte.*

With respect to the U.S.S.G. § 2S1.1(b)(1) enhancement, the court found that Wisniewski was responsible for laundering $832,000. However, the court stated that

> it appears to me that in order to fairly apply this [U.S.S.G. § 2S1.1(b)(1)] enhancement, that there would have to be evidence that is significant—at least a significant proportion of the $832,000 this accused knew was the evidence of—or the proceeds of narcotics trafficking. So even though there was some evidence that this may have been the case with respect to some transactions, the Court finds that it simply hasn't been proven that his level of knowledge with respect to the $832,000 with which he [w]as otherwise charged, warrants the imposition of this enhancement.

With respect to the U.S.S.G. § 3B1.1 enhancement, the court stated that

> there is no question that Mr. Wisniewski was the leader of his corporation and that he's guilty here of massive interception to something that was occurring there. But—which I think the record will totally reflect focused on Mr. Solomon and some

**2.** U.S.S.G. § 3B1.1 provides in relevant part:
 Based on the defendant's role in the offense, increase the offense level as follows:
 (a) If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels.
 (b) If the defendant was a manager or supervisor (but not an organizer or leader) and the

criminal activity involved five or more participants or was otherwise extensive, increase by 3 levels.

**3.** Wisniewski was also acquitted on five counts of money laundering in violation of 18 U.S.C. § 1956(a)(1).

of the people that he, Solomon, supervised. But the Court concludes that this person [Wisniewski], it has not been established, was an organizer or leader or a manager or a supervisor of this criminal conduct within the conduct of 3[B]1.1, and therefore, declines to add that enhancement.

The Government appeals each of these rulings.

## II.

■ We review the district court's factual findings with respect to sentencing issues for clear error and its legal conclusions *de novo. United States v. Lewis,* 93 F.3d 1075, 1079 (2d Cir.1996); *United States v. Spencer,* 4 F.3d 115, 120 (2d Cir.1993).

### A. U.S.S.G. § 2S1.1(b)(1)

■ U.S.S.G. § 2S1.1(b)(1) provides for a three-level enhancement when a defendant has been convicted under 18 U.S.C. § 1956 of money laundering, "[i]f the defendant knew or believed that the funds were the proceeds of an unlawful activity involving the manufacture, importation, or distribution of narcotics or other controlled substances." In this case, the district court found that the defendant was responsible for laundering $832,000 in violation of 18 U.S.C. § 1956. Although the district court also found that the defendant knew that the funds were the proceeds of illegal narcotics activity, at least with respect to some of the transactions, because it was not persuaded that the defendant knew that "a significant proportion of the $832,000 ... was ... the proceeds of narcotics trafficking," it concluded that it could not "fairly apply this enhancement."

The district court thus appears to have grafted onto U.S.S.G. § 2S1.1(b)(1) a requirement that the defendant must have known that "a significant proportion" of the laundered funds were the proceeds of narcotics trafficking. There is no authority for doing so. U.S.S.G. § 2S1.1(b)(1) merely states that if the defendant knew or believed that "the funds" were a product of narcotics trafficking, the three-level enhancement should apply. It does not state that a defendant must know that all of the funds or a significant

portion of the funds were the proceeds of narcotics trafficking. Accordingly, we hold that the enhancement under § 2S1.1(b)(1) applies whenever the district court finds that a defendant knows that *any* funds he is responsible for laundering were the proceeds of illegal narcotics trafficking.

No authority for a contrary interpretation of U.S.S.G. § 2S1.1(b)(1) was recited by the district court or by Wisniewski. In any event, we believe the district court's interpretation of U.S.S.G. § 2S1.1(b)(1) is inconsistent with the plain meaning and purpose of this provision. Under the district court's interpretation, if the defendant had been found responsible for only $100,000 of funds, for example, and had been aware that all of these funds were the proceeds of narcotics trafficking, the enhancement would apply, but if he was found responsible for $1 million of funds, yet was only aware that $100,000 of that amount were the proceeds of narcotics trafficking, the enhancement would not apply. Any rule that would have this effect would be inconsistent with the goal of uniformity that lies at the heart of the Sentencing Guidelines.

Accordingly, because the district court did not accurately interpret U.S.S.G. § 2S1.1(b)(1), Wisniewski's sentence must be vacated and his case must be remanded to the district court for resentencing.

### B. U.S.S.G. § 3B1.1

■ The Government also claims in its cross-appeal that the district court erred in refusing to apply the enhancement under U.S.S.G. § 3B1.1, which provides for either a three-level enhancement if the defendant is a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive, or a four-level enhancement if the defendant is an organizer or leader of such an activity. "[T]he sentencing court's findings of fact as to a defendant's role in the offense will be overturned only if they are clearly erroneous." *United States v. McGregor,* 11 F.3d 1133, 1138 (2d Cir. 1993). The district court's conclusion that Wisniewski was not a manager, supervisor, organizer, or leader, for purposes of U.S.S.G. § 3B1.1, however, "involves a legal interpre-

tation of the Guidelines and is reviewed *de novo.*" *Id.* (internal quotation marks omitted); *see also United States v. Pollack,* 91 F.3d 331, 336 (2d Cir.1996).

We hold that the district court's legal conclusion that, on the facts of this case, Wisniewski was not a "leader" for purposes of U.S.S.G. § 3B1.1 was incorrect as a matter of law. As the district court found, Wisniewski was the owner of Tri Auto, and he was an active participant in the criminal activity at the dealership—responsible for $832,000 of money laundering. *See United States v. DeRiggi,* 72 F.3d 7, 8–9 (2d Cir.1995) (per curiam) ("[W]hen a business's top officer knows of corruption in the business and implicitly approves it by participating in the corruption, a four-level enhancement under § 3B1.1(a) is proper."). Moreover, Wisniewski was also ultimately responsible for hiring and supervising the other conspirators in this case, and, as owner of Tri Auto, he was a principal beneficiary of the improper auto sales.

The fact, relied on by the district court, that Wisniewski's co-conspirator, Stuart Solomon, played a larger role in the day-to-day management of the criminal activity in this case does not foreclose a finding that Wisniewski was also a "leader" of the activity. *See* U.S.S.G. § 3B1.1 commentary (n.4) ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.").

Accordingly, on the facts of this case, we hold that the district court erred, as a matter of law, in concluding that Wisniewski's conduct was insufficient to make him a "leader" for purposes of U.S.S.G. § 3B1.1.

### III.

For the reasons stated above, we hold that the district court erred, both when it declined to enhance Wisniewski's sentence under U.S.S.G. § 2S1.1(b)(1), and when it declined to enhance Wisniewski's sentence under U.S.S.G. § 3B1.1. Accordingly, Wisniewski's sentence is vacated and his case is remanded to the district court for resentencing.