**UNITED STATES of America,**
**Appellee,**

v.

**Asllan MUJA, a.k.a. "Oz," a.k.a.**
**"Ozy," Appellant.**

**No. 02–1175.**

United States Court of Appeals,
Second Circuit.

June 23, 2004.

Randa D. Maher, Great Neck, New York, for Appellant.

Thomas J. Siegel, Assistant United States Attorney (Jo Ann M. Navikas, Assistant United States Attorney, on the brief), for Roslyn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: McLAUGHLIN, RAGGI, Circuit Judges, and HOLWELL, District Judge.*

SUMMARY ORDER

Appellant Asllan Muja was convicted after a jury trial of two substantive and two conspiratorial counts of drug trafficking, *see* 21 U.S.C. §§ 952(a), 953(a), 960(a)(1), 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(2)(B)(ii), 963, and one substantive and one conspiratorial count of money laundering, *see* 18 U.S.C. §§ 1956(a)(2)(B), 1956(h). He is presently incarcerated, serving a term of 210 months' imprisonment. We assume familiarity with the record and the proceedings before the district court and hereby affirm Muja's conviction and sentence.

1. *Severance*

 Muja contends that the district court abused its discretion in denying his motion to sever the heroin conspiracy charged in Count Two of the indictment from the other charges in the case. Reviewing the issue of joinder *de novo*, *see*

* The Honorable Richard J. Holwell of the United States District Court for the Southern District of New York, sitting by designation.

**214**

*United States v. Tubol,* 191 F.3d 88, 94 (2d Cir.1999), we conclude that Count Two was properly joined with the other charges in the indictment because the drug offenses are "of the same or similar character" and the money laundering was connected thereto as part "of a common scheme or plan." Fed.R.Crim.P. 8(a). *See United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980) (noting that Rule 8(a) requires only a "general likeness" among joined charges). Joinder was further proper because evidence of Muja's cocaine trafficking—specifically, Dayna Twilligear's testimony that Muja had admitted his heroin smuggling while recruiting her as a cocaine courier—would have been admissible even in a separate trial of the heroin charge. *See United States v. Tubol,* 191 F.3d at 95.

Because joinder was appropriate, we review the district court's denial of Muja's severance motion for abuse of discretion. *See* Fed.R.Crim.P. 14(a); *see also United States v. Spinelli,* 352 F.3d 48, 54 (2d Cir.2003). We find no abuse in this case.

2. *Admission of Co–Conspirators' Statements*

■ Muja claims that the district court clearly erred in allowing two cooperating witnesses to testify about hearsay statements made to them by other co-conspirators. *See United States v. Desena,* 260 F.3d 150, 157 (2d Cir.2001).

To the extent he argues that independent corroboration was lacking for the statements of Besnik Sokoli, *see United States v. Tellier,* 83 F.3d 578, 580 (2d Cir.1996), we disagree. Sokoli's statements about Muja's trip to retrieve heroin from Pakistan were corroborated by contemporaneous wire transfer records from the Western Union offices both in Queens (from where the bribe money was sent) and in Pakistan (where Muja and another coconspirator signed for the transferred funds).[1]

Nor are we persuaded by Muja's argument that statements by Fatmir Rama to Velaj naming Muja as a cocaine courier were merely "gratuitous," Appellant's Br. at 106, and not in furtherance of the conspiracy, *see, e.g., United States v. Birnbaum,* 337 F.2d 490, 494—95 (2d Cir.1964). The context indicates that Rama was attempting to reassure Velaj that there was no risk in supplying him with cocaine because Rama used reliable, experienced couriers, specifically Muja and his wife, who traveled on American passports. *See United States v. Simmons,* 923 F.2d 934, 945 (2d Cir.1991). Similarly without merit is Muja's complaint that Rama's statement was made prior to the dates of the charged conspiracy. *See United States v. Orena,* 32 F.3d 704, 713 (2d Cir.1994).

■ We likewise find no abuse of discretion in the district court's denial of Muja's motion for a mistrial based on Velaj's testimony about his prior involvement

---

1. We reject Muja's contention that the district court abused its discretion in admitting photocopies of Western Union records because they were not first compared with the original records. The Federal Rules of Evidence permit the use of duplicates, such as photocopies, to prove the contents of a writing "unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed.R.Evid.

1003. Muja raises no serious question as to the authenticity of the original documents. He notes only that the documents were not destroyed after six months, as allowed—but not required—by Western Union policy. In any event, the transfers evidenced by the challenged records were independently corroborated by Western Union computer records indicating that Muja was the intended recipient.

in drug smuggling, including passing references to the involvement of people he referred to as "Albanians." The challenged testimony was admissible as background and was not unfairly prejudicial. *See, e.g., United States v. Pipola*, 83 F.3d 556, 566 (2d Cir.1996).

### 3. *Sufficiency of the Evidence*

We review *de novo* a sufficiency challenge to the evidence supporting a criminal conviction, *see United States v. Reyes*, 302 F.3d 48, 52—53 (2d Cir.2002), and will affirm if the evidence, when viewed in its totality, and in the light most favorable to the government, would permit any rational jury to have found the essential elements of the crime beyond a reasonable doubt, *see United States v. Gaskin*, 364 F.3d 438, 459—60 (2d Cir.2004).

Muja submits that the government case depended on three incredible cooperating witnesses, namely, Twilligear, Skoro, and Velaj. The jury having rejected Muja's credibility challenge when made by his counsel in summation, *see* Tr. Trans. 1185—91, we defer to its findings, *see United States v. Dhinsa*, 243 F.3d 635, 648—49 (2d Cir.2001); *United States v. Morrison*, 153 F.3d 34, 49 (2d Cir.1998), and conclude that the testimony, when viewed in the light most favorable to the prosecution, sufficed to support a guilty verdict on all charges, *see United States v. Nelson*, 277 F.3d 164, 196—97 (2d Cir. 2002).

Insofar as Muja raises a specific sufficiency challenge to the substantive money-laundering charge, we hold that Twilligear's testimony about her drug and money-laundering activities supported a reasonable jury inference that the $43,500 in wire transfers from Albania to New York on or about August 23, 1999, represented the proceeds of one trip by a drug courier.

Although Muja was the named recipient in only two of the fifteen Western Union wire transfers relating to this money, the evidence tied him to the trip as a whole, and thus to the full $43,500. In any event, Muja's challenge to his involvement with the remaining thirteen transfers would be relevant only to guidelines calculation, not to his guilt on the charged offense.[2]

### 4. *Muja's Audiotape Transcript*

■ To the extent Muja faults the district court for refusing to permit him to submit a transcript as an aid to the jury in listening to an enhanced audiotape, we review for abuse of discretion. *See United States v. Ben–Shimon*, 249 F.3d 98, 101 (2d Cir.2001). Where, as in this case, the district court identifies various errors in the transcript and affords the defense an opportunity to make corrections, which the defense foregoes, we find no abuse of discretion in the court's ruling.

### 5. *Prosecutorial Misconduct*

■ Muja submits that he was denied a fair trial by prosecutorial misconduct in summation. "It is a rare case in which improper comments in a prosecutor's summation are so prejudicial that a new trial is required." *United States v. Rodriguez*, 968 F.2d 130, 142 (2d Cir.1992) (internal quotation marks omitted); *see also United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985). The misconduct must be so egregious that, when viewed in the context of the entire trial, it caused substantial prejudice. *See United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999); *United States v. Perez*, 144 F.3d 204, 210 (2d Cir.1998).

After reviewing the transcript of the proceedings, we conclude that the challenged remarks do not evidence impermissible vouching, nor misleading or mis-

**2.** Muja's sentencing guidelines calculation was not affected by the amount of money laundered or, indeed, by his conviction on this count at all. *See* PSR ¶¶ 48—61.

representative characterizations of the evidence. They fairly respond to statements by defense counsel. *See United States v. Knoll,* 16 F.3d 1313, 1323 (2d Cir.1994). The single inappropriate action, the prosecutor's laugh during defense counsel's summation, was promptly and appropriately addressed by the district court and does not warrant reversal. *See United States v. Elias,* 285 F.3d 183, 190 (2d Cir.2002); *United States v. Burns,* 104 F.3d 529, 537 (2d Cir.1997).

### 6. *Sentencing*

Muja challenges the district court's calculation of his base offense level at 34 and its application of a three-level adjustment pursuant to U.S.S.G. § 3B1.1 for his managerial or supervisory role. "In reviewing these challenges, we must 'accept the findings of fact of the district court unless they are clearly erroneous and ... give due deference to the district court's application of the guidelines to the facts.'" *United States v. Blount,* 291 F.3d 201, 214 (2d Cir.2002) (quoting 18 U.S.C. § 3742(e) (1994)). The district court's factual findings at sentencing need be supported only by a preponderance of the evidence. *See id.*

#### a. *Base Offense Level of 34*

█ Muja submits that the district court should have calculated his guidelines with reference to the drug quantities found by the jury in its verdict. The argument has no legal support. The jury's findings were made to determine the statutory minimum and maximum sentences applicable to Muja's case. *See United States v. Thomas,* 274 F.3d 655, 663 (2d Cir.2001) (en banc). The court was required to make more particular findings to determine the applicable guidelines range. *See id.* at 663—64. Because Muja's offenses involved unintercepted drug transactions, the district court had broad discretion to consider all relevant information in arriv-

ing at an estimate of drug quantity and had "wide latitude ... to make credibility determinations" in reaching this estimate. *United States v. Blount,* 291 F.3d at 215. Skoro's testimony—"Muja was in Pakistan, he went to get five kilos to seven kilos of heroin," Trial Tr. at 886—alone supports the PSR's recommendation that Muja be held accountable for a minimum of five kilos of heroin. *See* PSR ¶ 38. The district court having adopted this finding in its written judgment, we need not address Muja's challenges to the cocaine quantity.

#### b. *Three–Point "Supervisory Role" Enhancement*

█ We review *de novo* the district court's supervisory role enhancement, *see United States v. Wisniewski,* 121 F.3d 54, 57—58 (2d Cir.1997), and its underlying factual findings for clear error, *see United States v. Molina,* 356 F.3d 269, 275 (2d Cir.2004). Twilligear's testimony adequately established Muja's role as a recruiter and organizer of the courier trips, *see* Tr. Trans. at 405—18, and the PSR (again, expressly adopted by the district court), indicated that Muja's criminal activity involved five or more persons. *See* PSR ¶¶ 29 (listing, *inter alios,* Muja, Arifi, Twilligear, Velaj, and Rama, the involvement of each in the cocaine conspiracy being corroborated by trial testimony), 45; *see also United States v. Gaskin,* 364 F.3d at 466—67.

### 7. *Muja's* Pro Se *Claims*

In a supplemental *pro se* brief, Muja urges reversal on grounds of (i) an improper out-of-court conversation involving the case agent, counsel, and dismissed alternate jurors; and (ii) his trial counsel's constitutionally ineffective assistance. The first point is meritless because it alleges no contacts with jurors who actually found Muja guilty. *See generally United States v. Hayutin,* 398 F.2d 944, 950 (2d Cir.1968) (rejecting claim that court's failure to dis-

miss alternate jurors influenced deliberations).

We decline to decide the second point on direct appeal. The argument is more appropriately raised in a collateral challenge in the district court where the record may be developed. *See* 28 U.S.C. § 2255; *see also Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

Because we conclude that Muja's arguments are uniformly unavailing, we AFFIRM the judgment of conviction and sentence, and dismiss without prejudice Muja's ineffective assistance claim, *see United States v. Morris,* 350 F.3d 32, 39 (2d Cir.2003).