### UNITED STATES of America

v.

### Samuel SANEAUX and Rafael Estrella, Defendants.

### No. S203CR.781(CSH).

United States District Court, S.D. New York.

April 1, 2005.

Michael F. Dailey, Kuczinski, Vila, Tarallo, Pillinger & Miller, LLP, Elmsford, NY, Robert J. Lunney, Lunney & Murtagh, LLC, White Plains, NY, Gustavo L. Vila, Kuczinski Vila & Associates, Elmsford, NY, for Samuel Saneaux.

Victor G. Daly-Rivera, Bronx, NY, John Francis Kaley, Doar Rieck & Mack, New York, NY, Jeffrey G. Pittell, Great Neck, NY, for Rafael Estrella.

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge.

Count One of the captioned indictment against defendants Samuel Saneaux and Rafael Estrella charges them with participating in a single conspiracy to solicit and accept bribes from prospective tenants to advance those individuals on the waiting list for a federally funded apartment complex in the Bronx. Trial is scheduled to begin on April 25, 2005.

Defendants have filed motions *in limine* to preclude anticipated government evidence. The government resists those motions. A core dispute relates to the admissibility of certain out-of-court declarations which the government proffers under the coconspirator exception to the hearsay rule, found in Rule 801(d)(2)(E), Fed. R.Evid. This Memorandum requires counsel to focus upon the proper procedure for the Court to follow in deciding this issue.

Prior to its amendment in 1997, Rule 801(d)(2)(E) provided that an out-of-court declaration, even if offered to prove the truth of the matter asserted, was not excluded as hearsay if the declaration was "a statement made by a coconspirator of a party during the course and in furtherance of the conspiracy." In 1997 the Rule was amended to provide in pertinent part that "[t]he contents of the statement shall be considered but are not alone sufficient to establish ... the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered under subdivision (E)."

The Notes of the Advisory Committee to the 1997 amendment state in part:

Rule 801(d)(2) has been amended in order to respond to three issues raised by *Bourjaily v. United States,* 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). First, the amendment codifies the holding in *Bourjaily* by stating expressly that a court shall consider the contents of a coconspirator's statement in determining "the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered." According to *Bourjaily,* Rule 104(a) [Fed. R.Evid.] requires these preliminary questions to be established by a preponderance of the evidence.

Second, the amendment resolves an issue on which the Court had reserved decision. It provides that the contents of the declarant's statement do not alone suffice to establish a conspiracy in which the declarant and the defendant participated.

The Note then goes on to give a presumably non-exhaustive list of additional circumstances the trial court should consider in answering the preliminary questions determinative of the statement's admissibility.

In 1993, subsequent to *Bourjaily* but prior to the 1997 amendment to Rule 801(2)(d)(E), the Second Circuit decided *United States v. Tracy,* 12 F.3d 1186 (2d Cir.1993). *Tracy* held that in order to admit a statement under the Rule, "a court must find (1) that there was a conspiracy, (2) that its members included the declarant and the party against whom the statement is offered, and (3) that the statement was made both (a) during the course of and (b) in furtherance of the conspiracy." *Id.* at 1196.

Trial judges in this circuit had to answer these same questions in the years before the Supreme Court decided *Bourjaily.* Prior to *Bourjaily,* in this circuit Rule 801(d)(2)(E) practice was governed by Judge Friendly's opinion in *United States v. Geaney,* 417 F.2d 1116 (2d Cir.1969), *cert. denied sub nom. Lynch v. United*

*States,* 397 U.S. 1028, 90 S.Ct. 1276, 25 L.Ed.2d 539 (1970). Under *Geaney,* trial judges routinely admitted coconspirator statements into evidence in the presence of the jury on a conditional basis, subject to the later submission of the necessary evidence; "received subject to connection" was the liturgical incantation. However, *Geaney* held that where such hearsay is "admitted 'subject to connection,' the judge must determine, when all the evidence is in, whether in his view the prosecution has proved participation in the conspiracy, by the defendant against whom the hearsay is offered, by a fair preponderance of the evidence *independent of the hearsay utterances."* 417 F.2d at 1120 (emphasis added). *Bourjaily* does away with *Geaney's* limitation upon the evidence the trial judge may consider in making the ultimate decision on admissibility and allows the judge to consider the contents of a coconspirator's hearsay declaration, although the 1997 amendment to the Rule, while codifying that holding, goes on to provide that those contents "are not alone sufficient" to decide the issue. That particular provision in the 1997 amendment reflects pre-existing Second Circuit case law. In *United States v. Diaz,* 176 F.3d 52, 83 (2d Cir. 1999), the court acknowledged *Bourjaily's* holding that a coconspirator's hearsay statements themselves could be considered, but went on to say: "However, these statements are presumptively unreliable, and, for such statements to be admissible, there must be *some independent corroboration of the defendant's participation in the conspiracy."* (citing and quoting *United States v. Tellier,* 83 F.3d 578, 580 (2d Cir.1996)) (emphasis added). So *Geaney's* ghost may still be glimpsed pacing the Rule 801(d)(2)(E) battlements, even after *Bourjaily.*

Against that historical background, the questions that arise in the case at bar are whether the issues of admissibility raised by the defendants' *in limine* motion should be adjudicated on the basis of evidence adduced by the government at trial, following the *Geaney* model, or whether more recent developments, including the 1997 amendment to Rule 801(d)(2)(E), require a pre-trial hearing; and, if the latter, the proper form and content of that hearing. The present submissions of counsel do not address these questions. While defendants' briefs identify the governing preliminary questions and argue that, in the circumstances, the proffered declarations are inadmissible, they do not discuss the procedures the Court should follow before ruling in their favor. The government's briefs contend, not surprisingly, that the defendants' motions have no merit, principally in the light of other evidence the government says it expects to elicit. Without saying so explicitly, the government appears to contemplate satisfying the preliminary admissibility questions by evidence adduced during the trial, which is to say, adhering to the *Geaney* procedure (modified, of course, by the substantive changes wrought by *Bourjaily* and the 1997 amendment to the Rule).

This procedural question (it is not substantive) is worth pursuing because, as the Advisory Committee's Note says, "[a]ccording to *Bourjaily,* Rule 104(a) requires these preliminary questions to be established by a preponderance of the evidence." The Committee's perception is entirely accurate, since in *Bourjaily* the Court quoted Rule 104(a)'s provision that "[p]reliminary questions concerning ... the admissibility of evidence shall be for the court," and continued: "Petitioner and the Government agree that the existence of a conspiracy and petitioner's involvement in it are preliminary questions of fact that, under Rule 104, must be resolved by the court." 483 U.S. at 175, 107 S.Ct. 2775.

Rule 104 of the Federal Rules of Evidence is a rule of general application, not limited to coconspirator statements under Rule 801(d)(2)(E). Rules 12(b)(3)(C) and 12(d) of the Federal Rules of Criminal Procedure are similarly general in application. Rule 12(b)(3)(C) specifies "a motion to .suppress evidence" as one of the motions that "must be raised before. trial" under Rule 12(b)(3). The present defendants' motions *in limine* may arguably be characterized as motions "to suppress evidence." Rule 12(d) provides in part that "[t]he court must decide every pretrial motion before trial unless it finds good cause to defer a ruling."

If the *Geaney* coconspirator statement protocol is still good law, then it could be regarded as constituting *per se* "good cause" under Criminal Procedure Rule 12(d) for the trial judge deferring ruling on the admissibility of the statements until the end of the government's case in chief. However, the Second Circuit does not appear to have considered the validity of the *Geaney* order of proof subsequent to the 1997 amendment to Rule 801(d)(2)(E). Perhaps the amendment has no effect in that area. The purpose of this Memorandum is not so much to answer questions as to raise them for counsel's consideration. In *Tracy* the Second Circuit cited and followed *Geaney*, but *Tracy* antedated the 1997 amendment (although it also cited and followed *Bourjaily*.)

The Fifth and Tenth Circuits have held that the "strongly preferred order of proof" in determining the admissibility of an alleged coconspirator's statement is to first hold a hearing outside the presence of the jury to determine whether the party offering the statements has established the existence of a conspiracy by a preponderance of the evidence.[1] *United States v. James,* 590 F.2d 575 (5th Cir.1979); *see also United States v. Urena,* 27 F.3d 1487, 1491 (10th Cir.1994). This is commonly referred to as a *"James* Hearing" after the Fifth Circuit's 1979 decision.

However, courts in this circuit continue to adhere to the *Geaney* protocol. *See, e.g., United States v. Coffey,* 04 Cr. 651, 361 F.Supp.2d 102, 124, 2005 WL 705299, at *17 (E.D.N.Y. Mar.29, 2005) ("The Court will resolve any dispute concerning the admissibility of a co-conspirator statement offered by the Government under Fed.R.Evid. 801(d)(2)(E) at trial, consistent with its well-established practice. The Second Circuit expressly has approved the practice of admitting such statements at trial subject to the Government's introduction of evidence which will support the findings required by *Bourjaily* ...."); *United States v. Lombardozzi,* S1 02 CR. 273, 2003 WL 1956290, at *2 (S.D.N.Y. Apr.24, 2003) ("Purported coconspirator statements are often received subject to connection."); *United States v. Paredes,* 176 F.Supp.2d 183, 188–89 (S.D.N.Y.2001) ("[T]he hearsay statements are conditionally admitted into evidence during the·government's case-in-chief."); *United States v. Labate,* S1 00 Cr. 632, 2001 WL 533714, at *21 (S.D.N.Y. May 18, 2001) ("The Second Circuit has expressly approved the practice of conditionally admitting [801(d)(2)(E) ] statements at trial, subject to the later submission of evidence necessary to make the preliminary pre-requisite findings.... [And defendant] has provided no convincing reason to ·depart from this well-settled practice."); *United States*

---

1. *See also* Fed.R.Evid. 103(c) ("Hearing of Jury—In Jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means....");

Fed.R.Evid. 104(c) (requiring that hearings on preliminary matters, such as admission of a coconspirator statement, be held out of the hearing of the jury "when the interests of justice require").

*v. Nunez,* 00 Cr. 121, 2001 WL 91708, at *7 (S.D.N.Y. Feb.1, 2001) ("The Court will resolve any dispute concerning the admissibility of a co-conspirator statement offered by the Government under Rule 801(d)(2)(E) of the Federal Rules of Evidence at trial, and denies Defendant Thomas' request for a pre-trial ruling or conference to make such determination.") (citing *Tracy,* 12 F.3d at 1199); *United States v. Segura,* S3 99 CV. 85, 2000 WL 1838331, at *1 (D.Conn. Oct.31, 2000) (holding that a *James* Hearing "is neither required nor generally utilized in this Circuit."); *United States v. Belin,* 99 Cr. 214, 2000 WL 679138, at *5 (S.D.N.Y. May 24, 2000) (denying defendant's motion for a pretrial hearing regarding the admissibility of co-conspirator statements, "as these issues of evidence shall be addressed by the Court, if necessary, during the course of the trial."); *United States v. Arbalaez,* 98 Cr. 941, 1999 WL 980172, at *11 (S.D.N.Y. Oct.27, 1999) ("The decision regarding admission of co-defendant statements under the hearsay exception need not be made before trial. . . .) Neither *Bourjaily* nor any other precedent . . . requires or recommends the use of a pretrial hearing to make this determination. The Second Circuit has expressly approved the practice of admitting such statements at trial, subject to the government's introduction of evidence that will support the required finding under *Bourjaily* . . . ." (internal citations omitted)); *United States v. Wilson,* 95 Cr. 668, 1999 WL 126456, at *2 (S.D.N.Y. Mar.9, 1999) ("The appropriate procedure in a conspiracy case is to admit co-conspirator statements subject to connection and to determine, when all the evidence is in, whether the preliminary factual predicates for admission have been supplied.") (internal quotations omitted); *United States v. Heatley,* 994 F.Supp. 483, 490 (S.D.N.Y. 1998) ("neither *Bourjaily* nor any other court precedent requires or recommends the use of pre-trial hearing (sometimes referred to as a '*James* hearing'. . . ."); *United States v. Wang,* 98 Cr. 199, 1998 WL 556160, at *5 (S.D.N.Y. Aug.31, 1998) ("[C]o-conspirator statements may be admitted in evidence on a conditional basis, subject to the later submission of the necessary evidence."); *United States v. McDougall,* 97 Cr. 406, 1998 WL 160834, at *2 (N.D.N.Y. Apr.3, 1998) ("The government correctly argues that *James* hearings are not used in the Second Circuit, which instead permits the district court to admit the evidence 'subject to connection.' "); *United States v. Cordero,* 97 Cr. 63, 1998 WL 52034, at *2 (N.D.N.Y. Jan 30, 1998) (characterizing defendant's argument that the prosecution should be required to prove the existence of the conspiracy at a pretrial hearing rather than through its case-in-chief at trial as "frivolous"). *But see United States v. Triumph Capital Group, Inc.,* S3 00–Cr.–217, 2003, WL 23318899 (D. Conn. June 5, 2003), where Judge Burns denied defendants' motion *in limine* to exclude coconspirators' statements in a pre-trial opinion that relied upon a proffer in the government's opposing papers that "it intends to introduce at trial certain statements that McCarthy allegedly made at the March 9, 2000 meeting. The Government has identified three of McCarthy's specific statements that were allegedly false and which 'concealed [McCarthy's] and other defendants' roles in the criminal activity charged in the Indictment and served to further the unlawful objectives of the conspiracy and RICO enterprise.' " *Id.,* at *1. The trial judge in *Triumph Capital Group* was prepared to hold that the government had proved the *Tracy* prerequisites to admissibility (she cited that case) on the basis of evidence that the government said it would offer at

a trial that had not yet begun.[2]

Counsel must be prepared to discuss these procedural considerations at the hearing scheduled below. They should also be prepared to discuss what steps, if any, the Court should take if, as the government's letter brief dated February 21, 2005 appears to indicate—I put it no higher than that—its evidence identifying Saneaux as a member of the conspiracy alleged in the indictment is stronger than its evidence with respect to the membership of Estrella.

Assuming the *Geaney* protocol is followed at the trial of this case, the Court and counsel must be mindful that if, at the end of the government's case in chief, the prosecutors have not proved to the Court by a preponderance of the evidence the factual prerequisites for admitting a coconspirator's hearsay statement against a particular defendant, the Court "either should instruct the jury to disregard the statements, or, if those statements were 'so large a proportion of the proof as to render a cautionary instruction of doubtful utility,' should declare a mistrial" as to that defendant. *Tracy*, 12 F.3d at 1199 (citing and quoting *Geaney* ).

The hearing to address these procedural questions will take place on Wednesday, April 6, 2005, at 10:30 a.m. in Room 17C, 500 Pearl Street.

It is SO ORDERED.

---

**2.** Of course, there is no reason to doubt that if the government's proffered evidence had not been forthcoming at trial, the trial judge would have revisited the admissibility of the hearsay statements in question.