**UNITED STATES of America,**
**Appellee,**

v.

**Antonio ZALDANA–VENTURA,**
**Defendant–Appellant.**

**No. 05–3469–cr.**

United States Court of Appeals,
Second Circuit.

July 3, 2007.

Anirudh Bansal, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Jonathan S. Kolodner, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for appellee.

James M. Branden, New York, NY, for appellant.

PRESENT: Hon. REENA RAGGI, Circuit Judge, and Hon. RICHARD M. BERMAN, Judge.[1]

---

1. The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation. The Honorable José A. Cabranes was originally a member of this panel but recused himself from consideration of this appeal. The remaining two members of the panel, who are in agreement, decide this appeal in accordance with Second Circuit Local Rule § 0.14.

## SUMMARY ORDER

Defendant appeals from a judgment of conviction in the district court, sentencing him to 135 months' incarceration following a guilty plea to conspiracy to import and distribute cocaine in violation of 21 U.S.C. § 963. We assume the parties' familiarity with the facts and procedural history of the case.

We have considered all of defendant's arguments (made both through counsel and *pro se*) and find them unavailing. First, the district court committed neither legal nor factual error in determining that defendant—who secured storage houses for narcotics, supervised the transfer of these narcotics from the houses to tractor-trailers, and participated in meetings arranging for the sale and shipment of narcotics—was not entitled to a minor-role adjustment under U.S.S.G. § 2B1.2(b). *See, e.g., United States v. Ravelo*, 370 F.3d 266, 270 (2d Cir.2004). Second, defendant has not shown that the Government's delay in producing videotape evidence of his attendance at an October 29, 2003 meeting caused him any, much less substantial, prejudice. *See United States v. Thai*, 29 F.3d 785, 804 (2d Cir.1994). Third, defendant's allegations, raised *pro se* for the first time on appeal, regarding the extradition treaty between the United States and Panama and the Vienna Convention on Consular Relations, even if true, do not demonstrate plain error. *See United States v. Tellier*, 83 F.3d 578, 581 (2d Cir.1996). Finally, defendant's *pro se* arguments regarding the voluntariness of his guilty plea, the existence of a *Brady* violation, and the constitutionality of his sentence are without merit. The judgment of the district court is AFFIRMED.