15-3287-cr
United States v. Olivo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of November, two thousand sixteen.

PRESENT:  PIERRE N. LEVAL,
          ROBERT D. SACK,
          REENA RAGGI,
                    *Circuit Judges*.
-----------------------------------------------------------------
UNITED STATES OF AMERICA,
                    *Appellee*,


            v.                                      No. 15-3287-cr


ERNESTO OLIVO,
                    *Defendant-Appellant*.
-----------------------------------------------------------------
APPEARING FOR APPELLANT:     RICHARD HARRIS ROSENBERG, Law Office of Richard H. Rosenberg, New York, New York.

APPEARING FOR APPELLEE:      RUSSELL CAPONE, Assistant United States Attorney (Adam S. Hickey, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (Valerie E. Caproni, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 9, 2015, is AFFIRMED.

Defendant Ernesto Olivo appeals his conviction following trial of conspiracy to traffic five kilograms or more of cocaine, 500 grams or more of mixtures containing methamphetamine, and 50 grams or more of pure methamphetamine.  See 21 U.S.C. §§ 841(b)(1)(A), 846.  Presently incarcerated, serving a below-Guidelines mandatory minimum prison term of 10 years, Olivo challenges (1) the admission of hearsay statements, (2) the prosecution's misuse of certain hearsay statements in summation, and (3) the sufficiency of the evidence supporting his conviction.  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.  Informant Hearsay

Olivo argues that the district court erred in allowing the government to elicit, over objection, on redirect examination of a government agent, a confidential informant's ("CI's") out-of-court statement that Olivo had told the CI about an 18-kilogram cocaine shipment from Ecuador to Miami.  Olivo argues not only that the statement was inadmissible as hearsay, but that its admission violated his Sixth Amendment right of confrontation.  See U.S. Const. amend. VI.  He further argues that the government compounded these errors by referencing the statement for its truth in summation.  We generally review a preserved challenge to the admissibility of evidence for abuse of discretion.  See United States v. Coplan, 703 F.3d 46, 82 (2d Cir. 2012).

2

Where a defendant argues that the improper admission of hearsay evidence violated the Confrontation Clause, our review is de novo, subject to harmless error. See United States v. Jass, 569 F.3d 47, 55 (2d Cir. 2009). We review a challenged summation comment "in the context of the entire trial" to determine if it "substantially prejudiced" the defendant. United States v. Williams, 690 F.3d 70, 75 (2d Cir. 2012) (internal quotation marks omitted). In so doing, we consider the seriousness of the misconduct, any curative measures, and the certainty of the conviction absent the improper statements. See United States v. Banki, 685 F.3d 99, 120 (2d Cir. 2011).

Applying these standards here, we conclude that even if the defense did not open the door to admission of the challenged statement, cf. United States v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993), its admission was harmless in light of the district court's limiting instructions, which made clear that the challenged CI statement was not to be considered for its truth. Statements admitted for purposes other than establishing the truth of the matter asserted raise neither hearsay nor Confrontation Clause concerns. See United States v. Certified Envtl. Servs., Inc., 753 F.3d 72, 89 (2d Cir. 2014) (holding that statement received for purpose other than its truth does not raise hearsay concerns); see also United States v. Paulino, 445 F.3d 211, 216–17 (2d Cir. 2006) (same re: Confrontation Clause concerns) (citing Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004)). We assume the jury followed the district court's instructions on the issue. See United States v. Stewart, 433 F.3d 273, 310 (2d Cir. 2006).

In its rebuttal summation, however, the prosecution appeared to cross the line drawn by the district court and to reference the challenged statement for its truth. The

3

mention was brief, and drew no immediate defense objection, as one might expect if prejudicial error. Indeed, it was only when the district court, at the close of summations, questioned the government's use of the statement that defense counsel objected and moved for a mistrial. Denying the motion, the district court thereafter twice instructed the jury that the CI's statement could not be considered for its truth. We presume the jury followed these instructions, which were sufficient in this case to cure the error. See id.

In any event, Olivo cannot show prejudice because other evidence persuasively linked Olivo to the distribution of an additional 15 kilograms of cocaine. Moreover, the jury found Olivo guilty of trafficking in quantities of methamphetamine substances and pure methamphetamine, independently triggering the mandatory minimum sentence that he is serving. See United States v. Zvi, 168 F.3d 49, 55–56 (2d Cir. 1999) (upholding conspiracy conviction where jury found valid objects proved, even if other objects legally deficient).

2.    Text Messages

Olivo raises a hearsay challenge to the admission of various text messages found on cell phones seized from his apartment. We need not decide if this particular challenge was forfeited in the district court so as to be reviewed only for plain error because Olivo cannot demonstrate any error.

A statement is not hearsay when it is made by the defendant himself, see Fed. R. Evid. 801(d)(2)(A), or by a coconspirator during and in furtherance of the conspiracy, see Fed. R. Evid. 801(d)(2)(E). We review a district court's factual findings regarding the

4

conspiracy for clear error and its decision to admit coconspirator statements for abuse of discretion, which we do not identify here. See United States v. Gupta, 747 F.3d 111, 124 (2d Cir. 2014). Certainly, there was ample "independent corroborating evidence" that Olivo was a participant in the cocaine distribution conspiracy. See United States v. Tellier, 83 F.3d 578, 580 (2d Cir. 1996). To the extent Olivo characterizes the text messages as mere "chit chat" not in furtherance of the conspiracy, see United States v. Diaz, 176 F.3d 52, 85 (2d Cir. 1999) (noting that "in furtherance" requirement not satisfied by "mere idle chatter" (internal quotation marks omitted)), that argument is belied by the statements themselves, which, though coded, plainly reference drug trafficking, particularly when considered in light of the testimony of cooperating witnesses detailing Olivo's drug activities. The same conclusion applies to Olivo's argument that there is a lack of evidence identifying the persons communicating with Olivo on the text messages or their roles in the conspiracies. The law does not require proof of either in order to permit a preponderance finding (1) that a conspiracy existed, (2) that the declarants were members of the conspiracy, and (3) that the statements were made in furtherance thereof. See United States v. Coppola, 671 F.3d 220, 247 (2d Cir. 2012); United States v. Eppolito, 543 F.3d 25, 47–48 (2d Cir. 2008); United States v. Provenzano, 615 F.2d 37, 45 (2d Cir. 1980) (noting that when sufficient evidence of conspiracy is presented, evidence sufficient to connect it to additional co-conspirators "need not be overwhelming" (quoting United States v. Head, 546 F.2d 6, 9–10 (2d Cir. 1976) (internal quotation marks omitted)). The district court did not abuse its discretion in finding these elements satisfied here.

5

3.    Sufficiency of the Evidence

Olivo argues that the evidence was insufficient to prove a conspiracy to traffic in five or more kilograms of cocaine and that the district court should not have allowed that object of the conspiracy to be considered by the jury, as he requested in his motion pursuant to Fed. R. Crim. P. 29(a).   We construe the district court's initial decision as one reserving decision on the motion, and conclude that the court acted within its discretion in so doing.   See Fed. R. Crim. P. 29(b).   At whatever point Rule 29 relief is denied, we review the district court's sufficiency determination de novo, considering "the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." United States v. Pierce, 785 F.3d 832, 838 (2d Cir. 2015) (internal quotation marks omitted).   When we do that here, we conclude that the evidence easily supported the jury's verdict as to the cocaine object of the conspiracy.   Indeed, even discounting the 18 kilograms of cocaine shipped from Ecuador to Miami, as the district court did in imposing sentence, record evidence linked Olivo to additional cocaine shipments of at least 15 kilograms.[1]   Thus, Olivo's sufficiency challenge fails on the merits.

---

[1]  Although Olivo dismisses the text messages' references to drug quantity as inconclusive, when we view the messages in the light most favorable to the government, we must assume that the jury construed references to "work" and "keys" as kilogram drug weights.   See, e.g., J.A. 40, 47; Gov't Add. 9, 11; see also Trial Tr. 225:14–18 (testimony by cooperating witness that "work" was code word for cocaine); Trial Tr. 528:13–529:7 (questioning undercover agent on use of code words).

4.      Conclusion

We have considered Olivo's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court